48 F.3d 1234
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Leonard P. SPESERT, Jr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7021.
 United States Court of Appeals, Federal Circuit.
 March 9, 1994.
 
 ON MOTION
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 
 ORDER
 RADER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Leonard F. Spesert, Jr.'s appeal for lack of jurisdiction. Spesert opposes.
 
 
 2
 Spesert served in the United States Army from December 1966 to September 1968. Between 1989 and 1991, Spesert filed claims for direct service connection for diabetes mellitus, for service connection for post-traumatic stress disorder (PTSD), and for service connection for diabetes mellitus secondary to PTSD. The regional office denied Spesert's claims for service connection, direct and secondary, for diabetes mellitus and granted service connection for PTSD, evaluated as 10% disabling. On appeal, the Board of Veterans Appeals increased Spesert's disability rating for PTSD to 30% and denied Spesert's claim for direct service connection for diabetes. The Board did not address Spesert's claim for service connection for diabetes secondary to PTSD.
 
 
 3
 On October 1, 1993, the Court of Veterans Appeals affirmed the Board of Veteran Appeals' denial of Spesert's claim for direct service connection for diabetes, and found that Spesert abandoned his claim for an increased rating for PTSD. The Board also affirmed the Board's denial of secondary service connection, determining that the Board's failure to adjudicate Spesert's claim for secondary service connection was not prejudicial as his claim was not "well-grounded." Spesert seeks review of the Court of Veterans Appeals decision here.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 Spesert argues in his opposition that the VA and the Court of Veterans Appeals erred because they failed to recognize that he had symptoms of diabetes while he was in the service. Spesert's appeal thus amounts to a request for review of factual findings. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.